IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

U.S. D...

2013 JUL 22 AM 11: 12

S.D.S. ...

--------------------------------------------- x

RACHI KAPLAN,
on behalf of plaintiff and a class,

        Plaintiff,

        vs.

BANK OF AMERICA, N.A.,
FIA CARD SERVICES, N.A.,
ENCORE RECEIVABLES
MANAGEMENT, INC., and
NCB MANAGEMENT SERVICES, INC.,

        Defendants.

--------------------------------------------- x

**COMPLAINT – CLASS ACTION**

# 13 CV 5073

JUDGE ROMAN

## INTRODUCTION

1.     Plaintiff brings this action to secure redress for violation of the Truth in Lending

Act, 15 U.S.C. §1601 et seq. ("TILA"), and implementing regulations, the Fair Debt Collection

Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and for breach of contract.

2.     Plaintiff complains that interest and finance charges were imposed on a credit

card account issued by defendants Bank of America, N.A. and FIA Card Services, N.A. during

periods when periodic statements were not furnished, as required by TILA.  The interest and

finance charges were added in letters sent by defendants Encore Receivables Management, Inc.,

and NCB Management Services, Inc., who are debt collectors hired by defendants Bank of

America, N.A. and FIA Card Services, N.A.

3.     The TILA/breach of contract claims against  Bank of America, N.A. and FIA

Card Services, N.A., and the FDCPA claims against  Encore Receivables Management, Inc., and

NCB Management Services, Inc. may be alternative, depending on whether the evidence shows

that Encore and NCB had actual or apparent authority from Bank of America, N.A. and FIA

Card Services, N.A. to impose finance charges and interest during periods when periodic

statements were not furnished.

1

## VENUE AND JURISDICTION

4.       This Court has jurisdiction under 15 U.S.C. §§1640 (TILA) and 1692k (FDCPA), 28 U.S.C. §1331 (general federal question), and 28 U.S.C. §1337 (interstate commerce).

5.       Venue in this district is proper because each defendant does business here.

## PARTIES

6.       Plaintiff Rashi Kaplan is a resident of Suffern, New York.

7.       Defendant Bank of America, N.A., is a federally chartered corporation with principal offices at 100 North Tryon St., Charlotte, NC 28202.  It does business in New York and has over 300 offices in the state, including one at 592 Fifth Avenue, New York, NY 10036.

8.       Defendant FIA Card Services, N.A., is a federally chartered corporation with principal offices at 1100 North King Street, Wilmington, DE 19801.  It does business in New York.

9.       Defendants Bank of America, N.A. and  FIA Card Services, N.A. are under common control.  Both are subsidiaries of Bank of America Corporation.

10.      Defendants Bank of America, N.A. and  FIA Card Services, N.A., acting in concert, issue and service Bank of America credit cards.  Defendants Bank of America, N.A. and FIA Card Services, N.A. have millions of cardholders throughout the United States.

11.      Defendant Encore Receivables Management, Inc., is a Kansas corporation with its principal place of business at 201 E. Fourth Street, Cincinnati, OH 45202.  It does business in New York.  Its registered agent and office is CT Corporation System, 111 Eighth Avenue, New York, NY, or 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

12.      Defendant Encore Receivables Management, Inc., operates a collection agency, using the mails and telephone system to collect allegedly delinquent consumer debts owed to others.

13.      Defendant Encore Receivables Management, Inc., is a debt collector as defined in the FDCPA.

2

14.     Defendant NCB Management Services, Inc., is a Pennsylvania corporation with principal offices at One Allied Drive, Trevose, PA 19053.   It does business in New York.  Its registered agent and office is CT Corporation System,  111 Eighth Avenue, New York, NY, or 20 S. LaSalle Street, Suite 814, Chicago, IL 60604.

15.     Defendant NCB Management Services, Inc., operates a collection agency, using the mails and telephone system to collect allegedly delinquent consumer debts owed to others.

16.     Defendant NCB Management Services, Inc.,  is a debt collector as defined in the FDCPA.

## FACTS

17.     Plaintiff is a cardholder on a credit card issued by one or both of Bank of America, N.A. and  FIA Card Services, N.A.

18.     Plaintiff has fallen behind on the account.

19.     Either defendants Bank of America, N.A. and  FIA Card Services, N.A. are continuing to add interest on the account, or defendants Encore Receivables Management, Inc., and NCB Management Services, Inc., are dunning for interest that is not authorized by Bank of America, N.A. and  FIA Card Services, N.A.

20.     On August 2, 2012, collection agency  Encore Receivables Management, Inc. sent plaintiff the letter attached as Exhibit A, stating that the account balance was $4,394.45.  This letter stated that the creditor was Bank of America, N.A.

21.     On November 5, 2012, collection agency NCB Management Services, Inc., sent plaintiff the letter attached as Exhibit B, stating that the account balance was $4,772.73.  This letter indicated that the creditor was Bank of America, N.A.

22.     On December 17, 2012, collection agency NCB Management Services, Inc., sent plaintiff the letter attached as Exhibit C, stating that the account balance was $5,030.16 as of December 17, 2012.  This letter stated that the creditor was FIA Card Services, N.A.

23.     The increasing amounts in Exhibits A-C are the result of the addition of interest

3

or finance charges.

24. Plaintiff is uncertain whether during the relevant period the issuer of the card was Bank of America, N.A., FIA Card Services, N.A., or both.

25. At no time after August 2, 2012 have defendants Bank of America, N.A. or FIA Card Services, N.A. sent periodic statements to plaintiff relating to the account.

26. The credit card agreements of defendants Bank of America, N.A. and FIA Card Services, N.A. are standard forms.

27. The credit card agreements of defendants Bank of America, N.A. and FIA Card Services, N.A. provide that "This Agreement is governed by the laws of the State of Delaware (without regard to its conflict of laws principles) and by any applicable federal laws." http://files.consumerfinance.gov/a/assets/credit-card-agreements/pdf/ creditcardagreement _725.pdf)

## CLASS ALLEGATIONS

28. Pursuant to Fed. R. Civ. P. 23(a), (b)(2) (insofar as declaratory and injunctive relief is sought) and (b)(3) (insofar as damages are sought), plaintiff brings this claim on behalf of a class and two subclasses.

29. The class consists of (a) all natural persons (b) who had credit card accounts issued by either Bank of America, N.A. or FIA Card Services, N.A. (c) and who during the one year period prior to the filing of this action (d) were charged interest or finance charges by collection agents of Bank of America, N.A. or FIA Card Services, N.A., (e) but who were not sent periodic billing statements.

30. The Encore subclass consists of class members who were dunned for interest or finance charges by Encore Receivable Management, Inc.

31. The NCB subclass consists of class members who were dunned for interest or finance charges by NCB Management Services Inc.

32. The class members are so numerous that joinder is impracticable. On information

4

and belief, there are more than 50 members of the class.

33.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

     a.    Whether defendants Bank of America, N.A. or FIA Card Services, N.A., are required by TILA to send periodic statements during periods when they were collecting interest, finance charges and fees.

     b.    Whether defendants Bank of America, N.A. or FIA Card Services, N.A. have a practice of charging or authorizing the charging of interest on delinquent credit card accounts without sending periodic statements;

     c.    Whether the sending of periodic statements is a condition of the charging of interest on the accounts;

     d.    Whether defendants Encore and NCB charged interest that was not legally permitted.

34.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

35.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit class actions.

36.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.   Congress expressly contemplated class actions to enforce TILA and the FDCPA.

## COUNT I – TRUTH IN LENDING ACT

37.     Plaintiff incorporates paragraphs 1-36.

38.     This claim is against Bank of America, N.A. and FIA Card Services, N.A.

39.     TILA, 15 U.S.C. §1637, requires that periodic statements be sent on credit card accounts:

**(b) Statement required with each billing cycle**

The creditor of any account under an open end consumer credit plan shall transmit to the obligor, for each billing cycle at the end of which there is an outstanding balance in that account or with respect to which a finance charge is imposed, a statement setting forth each of the following items to the extent applicable: . . .

(1) The outstanding balance in the account at the beginning of the statement period.

(2) The amount and date of each extension of credit during the period, and a brief identification, on or accompanying the statement of each extension of credit in a form prescribed by the Bureau sufficient to enable the obligor either to identify the transaction or to relate it to copies of sales vouchers or similar instruments previously furnished, except that a creditor's failure to disclose such information in accordance with this paragraph shall not be deemed a failure to comply with this part or this subchapter if (A) the creditor maintains procedures reasonably adapted to procure and provide such information, and (B) the creditor responds to and treats any inquiry for clarification or documentation as a billing error and an erroneously billed amount under section 1666 of this title. In lieu of complying with the requirements of the previous sentence, in the case of any transaction in which the creditor and seller are the same person, as defined by the Bureau, and such person's open end credit plan has fewer than 15,000 accounts, the creditor may elect to provide only the amount and date of each extension of credit during the period and the seller's name and location where the transaction took place if (A) a brief identification of the transaction has been previously furnished, and (B) the creditor responds to and treats any inquiry for clarification or documentation as a billing error and an erroneously billed amount under section 1666 of this title.

(3) The total amount credited to the account during the period.

(4) The amount of any finance charge added to the account during the period, itemized to show the amounts, if any, due to the application of percentage rates and the amount, if any, imposed as a minimum or fixed charge.

(5) Where one or more periodic rates may be used to compute the finance charge, each such rate, the range of balances to which it is applicable, and, unless the annual percentage rate (determined under section 1606(a)(2) of this title) is required to be disclosed pursuant to paragraph (6), the corresponding nominal annual percentage rate determined by multiplying the periodic rate by the number of periods in a year.

(6) Where the total finance charge exceeds 50 cents for a monthly or longer billing cycle, or the pro rata part of 50 cents for a billing cycle shorter than monthly, the total finance charge expressed as an annual percentage rate (determined under section 1606(a)(2) of this title), except that if the finance charge is the sum of two or more products of a rate times a portion of the balance, the creditor may, in lieu of disclosing a single rate for the total charge, disclose each such rate expressed as an annual percentage rate, and

6

the part of the balance to which it is applicable.

(7) The balance on which the finance charge was computed and a statement of how the balance was determined. If the balance is determined without first deducting all credits during the period, that fact and the amount of such payments shall also be disclosed.

(8) The outstanding balance in the account at the end of the period.

(9) The date by which or the period (if any) within which, payment must be made to avoid additional finance charges, except that the creditor may, at his election and without disclosure, impose no such additional finance charge if payment is received after such date or the termination of such period.

(10) The address to be used by the creditor for the purpose of receiving billing inquiries from the obligor.

(11)(A) A written statement in the following form: "Minimum Payment Warning: Making only the minimum payment will increase the amount of interest you pay and the time it takes to repay your balance.", or such similar statement as is established by the Bureau pursuant to consumer testing.

    (B) Repayment information that would apply to the outstanding balance of the consumer under the credit plan, including--

        (i) the number of months (rounded to the nearest month) that it would take to pay the entire amount of that balance, if the consumer pays only the required minimum monthly payments and if no further advances are made;

        (ii) the total cost to the consumer, including interest and principal payments, of paying that balance in full, if the consumer pays only the required minimum monthly payments and if no further advances are made;

        (iii) the monthly payment amount that would be required for the consumer to eliminate the outstanding balance in 36 months, if no further advances are made, and the total cost to the consumer, including interest and principal payments, of paying that balance in full if the consumer pays the balance over 36 months; and

        (iv) a toll-free telephone number at which the consumer may receive information about accessing credit counseling and debt management services.

    (C)(i) Subject to clause (ii), in making the disclosures under subparagraph (B), the creditor shall apply the interest rate or rates in effect on the date on which the disclosure is made until the date on which the balance would be paid in full.

        (ii) If the interest rate in effect on the date on which the

7

disclosure is made is a temporary rate that will change under a contractual provision applying an index or formula for subsequent interest rate adjustment, the creditor shall apply the interest rate in effect on the date on which the disclosure is made for as long as that interest rate will apply under that contractual provision, and then apply an interest rate based on the index or formula in effect on the applicable billing date.

(D) All of the information described in subparagraph (B) shall--

(i) be disclosed in the form and manner which the Bureau shall prescribe, by regulation, and in a manner that avoids duplication; and

(ii) be placed in a conspicuous and prominent location on the billing statement.

(E) In the regulations prescribed under subparagraph (D), the Bureau shall require that the disclosure of such information shall be in the form of a table that--

(i) contains clear and concise headings for each item of such information; and

(ii) provides a clear and concise form stating each item of information required to be disclosed under each such heading.

(F) In prescribing the form of the table under subparagraph (E), the Bureau shall require that--

(i) all of the information in the table, and not just a reference to the table, be placed on the billing statement, as required by this paragraph; and

(ii) the items required to be included in the table shall be listed in the order in which such items are set forth in subparagraph (B).

(G) In prescribing the form of the table under subparagraph (D), the Bureau shall employ terminology which is different than the terminology which is employed in subparagraph (B), if such terminology is more easily understood and conveys substantially the same meaning.

(12) Requirements relating to late payment deadlines and penalties

(A) Late payment deadline required to be disclosed

In the case of a credit card account under an open end consumer credit plan under which a late fee or charge may be imposed due to the failure of the obligor to make payment on or before the due date

for such payment, the periodic statement required under subsection (b) with respect to the account shall include, in a conspicuous location on the billing statement, the date on which the payment is due or, if different, the date on which a late payment fee will be charged, together with the amount of the fee or charge to be imposed if payment is made after that date.

**(B) Disclosure of increase in interest rates for late payments**

If 1 or more late payments under an open end consumer credit plan may result in an increase in the annual percentage rate applicable to the account, the statement required under subsection (b) with respect to the account shall include conspicuous notice of such fact, together with the applicable penalty annual percentage rate, in close proximity to the disclosure required under subparagraph (A) of the date on which payment is due under the terms of the account. . . .

40.     Regulation Z, 12 C.F.R. §1026.5, requires that periodic statements be sent on credit card accounts, even if delinquent, until collection proceedings are instituted.

**§ 1026.5   General disclosure requirements.**

. . . **(b) (2) Periodic statements. (i) Statement required. The creditor shall mail or deliver a periodic statement as required by § 1026.7 for each billing cycle at the end of which an account has a debit or credit balance of more than $1 or on which a finance charge has been imposed. A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account, or if furnishing the statement would violate Federal law. . . .**

41.     The Official Interpretations to Regulation Z, 12 C.F.R. 1026 Supp. I, par. 5(b)(2), which are a regulation issued pursuant to notice and comment rulemaking and having the force and effect of law, also require that periodic statements be sent on credit card accounts, even if delinquent, until collection proceedings are instituted.  The Interpretations state:

**5(b)(2) Periodic Statements**

**5(b)(2)(i) Statement Required**

**1. Periodic statements not required. Periodic statements need not be sent in the following cases:**

**i. If the creditor adjusts an account balance so that at the end of the cycle the balance is less than $1—so long as no finance charge has been imposed on the account for that cycle.**

9

ii. **If a statement was returned as undeliverable. If a new address is provided, however, within a reasonable time before the creditor must send a statement, the creditor must resume sending statements. Receiving the address at least 20 days before the end of a cycle would be a reasonable amount of time to prepare the statement for that cycle. For example, if an address is received 22 days before the end of the June cycle, the creditor must send the periodic statement for the June cycle. ( See § 1026.13(a)(7).)**

**2. Termination of draw privileges. When a consumer's ability to draw on an open-end account is terminated without being converted to closed-end credit under a written agreement, the creditor must continue to provide periodic statements to those consumers entitled to receive them under § 1026.5(b)(2)(i), for example, when the draw period of an open-end credit plan ends and consumers are paying off outstanding balances according to the account agreement or under the terms of a workout agreement that is not converted to a closed-end transaction. In addition, creditors must continue to follow all of the other open-end credit requirements and procedures in subpart B.**

**3. Uncollectible accounts. An account is deemed uncollectible for purposes of §1026.5(b)(2)(i) when a creditor has ceased collection efforts, either directly or through a third party.**

**4. Instituting collection proceedings. Creditors institute a delinquency collection proceeding by filing a court action or initiating an adjudicatory process with a third party. Assigning a debt to a debt collector or other third party would not constitute instituting a collection proceeding. . . .**

42.     Defendants violated TILA and its implementing regulations by adding finance charges without sending periodic statements.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

       i.     Statutory damages;

      ii.    Actual damages, including all interest, fees and finance charges imposed when required periodic statements were not sent;

     iii.   Attorney's fees, litigation expenses and costs of suit;

     iv.   Such other or further relief as the Court deems proper.

## COUNT II – DECLARATORY AND INJUNCTIVE RELIEF

43.     Plaintiff incorporates paragraphs 1-36.

44.     This claim is against Bank of America, N.A. and FIA Card Services, N.A.

10

45.     The issuance of periodic statements pursuant to TILA is a contractual condition precedent to the imposition of finance charges, fees and interest on a credit card account.

46.     Defendants should be enjoined from imposing such finance charges, fees and interest without complying with TILA.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

      i.     An order enjoining defendants from collecting the finance charges, interest and fees imposed on plaintiff and the class members without the sending of periodic statements;

      ii.    An order directing defendants to refund all improperly-imposed finance charges, interest and fees;

      iii.   Costs;

      iv.   Such other or further relief as the Court deems appropriate.

## COUNT III – FAIR DEBT COLLECTION PRACTICES ACT

47.     Plaintiff incorporates paragraphs 1-36.

48.     This claim is against Encore and NCB.

49.     Defendants violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1) by adding interest and finance charges to debts that were not legally authorized.

50.     Section 1692e provides:

**§ 1692e.     False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of--**

**(A)     the character, amount, or legal status of any debt; . . .**

**(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

11

(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

51.   Section 1692f provides:

§ 1692f.       Unfair practices [Section 808 of P.L.]

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1)   The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

i.      Statutory damages;

ii.     Actual damages, including all interest, fees and finance charges

imposed when required periodic statements were not sent;

iii.    Attorney's fees, litigation expenses and costs of suit;

iv.     Such other or further relief as the Court deems proper.

_____
Lawrence Katz

Lawrence Katz
LAW OFFICES OF LAWRENCE KATZ PC
445 Central Avenue, Suite 201
Cedarhurst, New York 11516
(516) 374-2118
(516) 706-2404 (FAX)


Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC

12

12  S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(3  ) 739-4200
(3  ) 419-0379 (FAX)

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

_____
Lawrence Katz

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Lawrence Katz

# EXHIBIT A

**Encore** Receivable Management, Inc.
A CONVERGYS COMPANY
Telephone: 866-843-5013

P.O. Box 1699
Southgate, MI 48195-0699

| | |
|---|---|
| Creditor: | Bank of America N.A. |
| For Account Ending In: | XXXXXXXXXXXX0374 |
| Encore Account #: | 7376 |
| Total Account Balance: | $4,394.45 |
| Minimum Amount Due: | $435.00 |

August 02 2012

PRMIV0169027773376/766   3610605051989   RB52/00000832/000/02044

Rashi Kaplan

FIA Card Services
Payment Processing Center
P.O. Box 15019
Wilmington, DE 19886-5019

Please include your full Bank of America account number with your payment

*** Detach this Portion and Return With Payment ***

# REDACTED

| | |
|---|---|
| Creditor: | Bank of America N.A. |
| For Account Ending In: | XXXXXXXXXXXX0374 |
| Encore Account #: | 7376 |
| Total Account Balance: | $4,394.45 |
| Minimum Amount Due: | $435.00 |

Dear Rashi Kaplan:

The above referenced account has been referred to our office for collection. Previous attempts have been made by the creditor to obtain payment of this debt. As of this date, those attempts have not been successful.

Please pay the minimum amount due referenced above.

Please detach the upper portion of this notice and return with your payment in the enclosed envelope or call us at the above number if you would like to make a payment using a check by telephone.

Note: If payment of the balance has already been made, please notify this office at 866-843-5013 or by writing to Encore at the address listed below.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

# EXHIBIT B



**N C B Management Services Incorporated**
*Professional Collections & Recoveries Management*

Re: BANK OF AMERICA, N.A.
Acct#: XXXXXXXXXXXX0374
File#        5720
Balance: $4,772.73

**REDACTED**

Date: 11-05-2012

Dear Rashi Kaplan,

**Call us today!**

We have not heard from you since your delinquent account was referred to our office for collection. Our knowledgeable associates are standing by ready to assist. We have several options that may be beneficial to you including settling your account for a reduced amount, however, time is running out. Call us today at 855-622-3500.

Sincerely,

NCB Management Services, Inc.
Customer Assistance Team

Correspondence Only: NCB Management Services, Inc. - PO Box 1099 - Langhorne, PA 19047
Hours: Mon-Thur (9am-9pm)  Fri (9am-6pm)  Sat (9am-1pm) Eastern Time

This communication is from a debt collector, the purpose of this letter is to collect a debt. Any information obtained will be used for that purpose.

Please see reverse side for important information.

Please mail payment and this bottom portion in the enclosed self-addressed envelope to ensure proper credit.
Please include your full BANK OF AMERICA, N.A. account number with your payment.

For Payments Only:
BANK OF AMERICA, N.A.
PO Box 15019
Wilmington, DE  19886-5019

Rashi Kaplan
Re: BANK OF AMERICA, N.A.
Acct#: XXXXXXXXXXXX0374
Balance: $4,772.73

**ADDRESS SERVICE REQUESTED**

Amount Of Payment Enclosed  $_____

1072

#BWNKVHS
#10045357208# 1004535720NCBINCBE
Rashi Kaplan

BANK OF AMERICA, N.A.
PO Box 15019
Wilmington, DE  19886-5019

# EXHIBIT C



**NCB Management Services Incorporated**
Professional Collections & Recoveries Management

Current Creditor: FIA Card Services, N.A.
Acct# : XXXXXXXXXXXX0374
NCB File#        5720
Statement Balance: $5,030.16 as of 12-17-2012

The sooner you call, the sooner we may be able to help!

**REDACTED**

Date: 12-17-2012

Dear Rashi Kaplan,

The above-referenced account may soon be charged off as a bad debt unless you make a payment arrangement.

Please call to make a payment arrangement. One of our knowledgeable associates would be happy to discuss various options with you including potential settlement opportunities which you may be able to take advantage of.

We are prepared to work with you; however, we need to hear from you. Our experienced associates are ready to assist you.

Please call 1-800-283-2048 today!

Sincerely,

NCB Management Services, Inc.
Customer Assistance Team

Correspondence Only: NCB Management Services, Inc. - PO Box 1099 - Langhorne, PA 19047
Hours: Mon-Thur (9am-9pm)  Fri (9am-6pm)  Sat (9am-1pm)  Eastern Time

This communication is from a debt collector. The purpose of this letter is to collect a debt. Any information obtained will be used for that purpose. Your balance due may increase as a result of finance charges, late fees, or other fees as outlined in the terms of your account and your account agreement. This account is issued and administered by FIA Card Services, N.A.

Please see reverse side for important information.

Please mail payment and the bottom portion in the enclosed self-addressed envelope to ensure proper credit
Please include your full FIA Card Services, N.A. Account Number with your payment

**For Payments Only:**
FIA Card Services, N.A.
PO Box 15019
Wilmington, DE  19886-5019

ADDRESS SERVICE REQUESTED

1098

#BWNKVHS
#1004535720S# 1004535720NCBICO150BE
Rashi Kaplan

Rashi Kaplan
Current Creditor: FIA Card Services, N.A.
Acct# : XXXXXXXXXXXX0374
Statement Balance: $5,030.16 as of 12-17-2012

Amount Of Payment Enclosed  $_____

FIA Card Services, N.A.
PO Box 15019
Wilmington, DE  19886-5019